FILED

2026 May-05  AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ASHLEY GARDNER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 2:25-cv-1763-ACA** |
| | ] | |
| **BAPTIST HEALTH** | ] | |
| **BROOKWOOD HOSPITAL, et al.,** | ] | |
| | ] | |
| **Defendants.** | | |

## <u>MEMORANDUM OPINION</u>

Ms. Gardner is a patient care technician at Baptist Health Brookwood Hospital, which is owned by Defendant Orlando Health, Inc.[1] After Ms. Gardner was physically and sexually assaulted by a patient, she sued Orlando Health and her supervisors, Defendants Ryan Graves, Edwina Hamby, and Art Stewart for alleged mishandling of her investigation and related hostile work environment.

Ms. Gardner asserts the following claims: retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a) ("Count One"); sex discrimination and hostile work environment in violation of Title VII, *id.* § 2000e-2(a) ("Count Two"); interference with protected safety and compensatory

---

[1] Ms. Gardner incorrectly names Orlando Health as Baptist Health Brookwood Hospital in her complaint. (Doc. 1 at 1; *see* doc. 7 at 3). The court will refer to the defendant as Orlando Health in this opinion and the corresponding final order.

rights in violation of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660(a), and Ala. Code § 25-5-11.1 ("Count Three"); and outrage ("Count Four"). (Doc. 1 at 2). Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). The court **WILL GRANT** the motion.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025).

Ms. Gardner works as a patient care technician at Baptist Health Brookwood Hospital. (Doc. 1 at 1–2). In February 2025, Ms. Gardner was sexually and physically assaulted by a patient. (*Id.* at 2). The room she was in did not have a radio, panic system, or other communication device, as required by policy. (*Id.*) Ms. Gardner immediately reported the assault to Mr. Graves and Ms. Hamby (*id.*), but was not provided "appropriate trauma support" and was required to immediately report to another patient's room (doc. 1 at 10).

Mr. Graves and Ms. Hamby "mishandled" Ms. Gardner's report by "alter[ing] documentation" and "minimiz[ing] the assault report." (*Id.* at 2; *see id.* at 46–55). Ms. Gardner then filed charges with the Equal Employment Opportunity Commission ("EEOC") and OSHA. (*Id.* at 1–2; *see id.* at 6–45). She also filed a

claim for workers' compensation. (*Id.* at 2). After she filed the claim and charges, Defendants "withheld information," "attempted to discredit [Ms. Gardner's] version of events," "spread false information," and "obstruct[ed Ms. Gardner's] safety and workers' comp rights." (Doc. 1 at 2).

Since February 2025, Ms. Gardner has been on workers' compensation leave. (*Id.*). She receives ongoing mental health treatment due to the incident. (*Id.*).

## II.    DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations without supporting facts are not entitled to the presumption of truth. *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). Where, as here, a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).

Defendants move to dismiss each claim in Ms. Gardner's complaint for failure to state a claim under Rule 12(b)(6). (Doc. 7). The court takes each count in turn.

### 1.    Title VII Claims (Count One and Two)

Count One alleges that Defendants retaliated against Ms. Gardner for reporting the assault and filing OSHA and EEOC charges by "altering records, spreading false information, and obstructing [her] safety and workers' comp rights." (Doc. 1 at 2). Count Two alleges that Defendants subjected Ms. Gardner to a hostile work environment and discriminated against her by failing to take reasonable actions after the assault, failing to provide safety equipment to prevent the assault, and mishandling the assault report. (*Id.*). The court takes each count in turn; but first, the court discusses the claims against Ms. Hamby, Mr. Graves, and Mr. Stewart.

#### a.  Ms. Hamby, Mr. Graves, and Mr. Stewart

Defendants argue that the claims against Ms. Hamby, Mr. Graves, and Mr. Stewart must be dismissed because Title VII does not provide for individual liability. (Doc. 7 at 26–27). The court agrees. Title VII suits grant relief against employers, not the individual employees whose behavior violated the act. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, the court **WILL DISMISS** Count One and Count Two against Ms. Hamby, Mr. Graves, and Mr. Stewart **WITH PREJUDICE**.

#### b.  Count One

Count One asserts that Orlando Health retaliated against Ms. Gardner for reporting the assault and filing charges with EEOC and OSHA. (Doc. 1 at 2). Title

VII prohibits retaliating against an employee for "oppos[ing] any practice made an unlawful employment practice" by Title VII or for making a charge under Title VII. 42 U.S.C. § 2000e-3(a). "Three things are required at the outset to support a retaliation claim: (1) a protected activity, (2) an adverse employment action, and (3) a causal connection between them." *McCreight v. AuburnBank*, 117 F.4th 1322, 1339 (11th Cir. 2024). Orlando argues only that Ms. Gardner did not experience an adverse employment action.[2] (Doc. 7 at 16–19). An adverse action in the retaliation context is anything that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quotation marks omitted).

Ms. Gardner alleges that Defendants committed adverse employment actions by "altering records, spreading false information, and obstructing [Ms. Gardner's] safety and workers' comp rights." (Doc. 1 at 2). Orlando Health maintains that these allegations are "too vague and non-specific" to show that a reasonable worker would be dissuaded from making or supporting a charge of discrimination. (Doc. 7 at 18–19). The court agrees with Orlando Health.

---

[2] Orlando Health includes on sentence regarding causation without any supporting caselaw. (*See* doc. 7 at 19). That is insufficient to adequately raise the issue for the court's consideration. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (A party abandons an issue by making mere "passing reference" to it).

Ms. Gardner's allegations that Defendants "spread[] false information" lacks any specificity, such as the content of the false statements, that could allow the court to infer that the statements would dissuade a reasonable worker from making a charge of discrimination. (*See* doc. 1 at 2). Ms. Gardner also alleges that Ms. Hamby and Mr. Graves altered her human resources documents and minimized her assault report. (*Id.*). Although she provides copies of the allegedly altered documents (*id.* at 46–55), she does not clarify what information was altered or falsified (*see id.* at 46). Nor is it facially apparent from the documents that the report minimized or was inconsistent with the incident; indeed, the documents detail the assault against her. (*Id.* at 47, 50, 55). Finally, Ms. Gardner does not explain how Defendants obstructed her workers' compensation rights; to the contrary, she alleges she has been on active workers' compensation since February 2025. (*Id.* at 2). Accordingly, the allegations lack "factual content that allows the court to draw the reasonable inference" that the mistreatment rose to an actionable level. *Iqbal*, 556 U.S. at 678.

Accordingly, the court **WILL GRANT** Orlando Health's motion to dismiss Count One **WITHOUT PREJUDICE**.

### c.  *Count Two*

In Count Two, Ms. Gardner brings claims for both sex discrimination and hostile work environment. (Doc. 1 at 2). Orlando Health moves to dismiss both. (Doc. 7 at 7–16). The court takes each claim in turn.

6

### i.    Discrimination

Title VII makes it unlawful "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1). To state a claim for discrimination, a plaintiff must plead facts that plausibly suggest she suffered an adverse employment action due to intentional sex discrimination. *See* S̲urtain v. *Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Orlando Health argues Ms. Gardner has not alleged (1) an adverse employment action or (2) that the alleged discrimination was because of her sex. (Doc. 7 at 7–12). The court agrees that Ms. Gardner's allegations do not support an inference that any of Orlando Health's actions were because of her sex, so it does not address whether Ms. Gardner alleged an adverse action.

Ms. Gardner alleges that Defendants discriminated against her by failing to "provide safety equipment" and "mishandling . . . the report." (Doc. 1 at 2). But she does not allege that men were provided safety equipment or had reports handled correctly. (*See generally id.* at 2). Nor does she allege any other facts that could allow the court to plausibly infer that Defendants' actions were because of Ms. Gardner's sex. (*See generally id.*). Accordingly, she has failed to state a claim for relief that is plausible on its face, *Iqbal*, 556 U.S. at 678, so the court **WILL DISMISS** the discrimination claim **WITHOUT PREJUDICE**.

7

### ii.    Hostile Work Environment

To state a claim for hostile work environment, Ms. Gardner must allege: (1) she belonged to a "protected group"; (2) she was subjected to "unwelcome harassment"; (3) the harassment was "based on a protected characteristic"; (4) "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment"; and (5) "the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Defendants argue Ms. Gardner has not alleged severe or pervasive harassment that altered the terms or conditions of her employment. (Doc. 7 at 12–16).

Ms. Gardner alleges that "Defendants subjected [her] to a hostile work environment based on sex and failed to take reasonable action after the sexual assault." (Doc. 1 at 2 ¶ 5.2). But the statement that she was subjected to a hostile work environment based on sex is a legal conclusion that is not entitled to a presumption of truth. *Randall*, 610 F.3d at 709–10. She also does not explain what actions after the assault were unreasonable, and what actions should have been taken instead. (*See generally* doc. 1 at 2). This sparse factual background is insufficient for the court to infer that the harassment was severe or pervasive enough to alter the terms and conditions of Ms. Gardner's employment. *See Miller*, 277 F.3d at 1275.

Accordingly, the court **WILL DISMISS** Count Two **WITHOUT PREJUDICE**.

 2. Interference with Safety and Compensatory Rights (Count Three)

Ms. Gardner alleges that Defendants interfered with and retaliated against her for exercising her rights under safety and worker's compensation laws by "undermining medical care, disputing reports, and discouraging future safety complaints." (Doc. 1 at 2). She cites OSHA, 29 U.S.C. § 660(c), and the Alabama worker's compensation statute retaliatory discharge provision, Ala. Code § 25-5-11.1 (*Id.*). Ms. Gardner concedes that her OSHA claim should be dismissed, although she requests that dismissal be without prejudice so that her allegations can be considered in connection with her other claims. (Doc. 11 at 5). Dismissal of the OSHA claim with prejudice does not prevent this court from considering any factual allegations. Accordingly, the court **WILL DISMISS** the OSHA claim in Count Three **WITH PREJUDICE**.

Alabama Code § 25-5-11.1 prohibits termination of an employee in retaliation for the employee filing an action for workers' compensation benefits. Defendants argue that Ms. Gardner's complaint fails to state a claim under § 25-5-11.1 because she has not alleged that she has been terminated or constructively discharged. (Doc. 7 at 21–22). To state a claim under the statute, a plaintiff must allege, among other things, termination of her employment. *Reg. v. Outdoor Aluminum, Inc.*, 338 So. 3d

741, 746 (Ala. 2021). Ms. Gardner does not allege she was terminated; in fact, she alleges that she is on "active workers' compensation status." (Doc. 1 at 2). Accordingly, she has not stated a claim for relief, and the court **WILL DISMISS** the § 25-5-11.1 claim in Count Three **WITHOUT PREJUDICE**.

### 3.    Outrage (Count Four)

Ms. Gardner asserts a claim against Defendants for outrage under Alabama law. (Doc. 1 at 2). "For a plaintiff to recover under the tort of outrage, she must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilson v. Univ. of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 676 (Ala. 2017)

Defendants assert that outrage is an "extremely limited" tort that is only available in three contexts: (1) wrongful conduct related to burials, (2) improperly inducing an insured into settling claims, and (3) egregious sexual harassment. (Doc. 7 at 23). The court disagrees that outrage claims are viable only in these three scenarios. *Wilson*, 266 So. 3d at 677 ("The trial court's holding that the tort of outrage 'is limited to three situations' is an incorrect statement of the law. . . . [T]he tort can be viable outside the context of the above-identified circumstances and has previously been held to be so viable.").

10

Nonetheless, Ms. Gardner has not pled facts that allow a reasonable inference that the conduct was "extreme and outrageous" such that "no reasonable person could be expected to endure it." *Id.* at 676. Count Four states that "Defendants' conduct was extreme and outrageous and caused severe emotional distress, necessitating ongoing mental-health treatment." (Doc. 1 at 2). But the court cannot consider this conclusory allegation. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). And Ms. Gardner does not allege any other facts supporting an inference of outrageous behavior. (*See* doc. 1). Accordingly, the court **WILL DISMISS** Count Four **WITHOUT PREJUDICE**.

## III.    CONCLUSION

The court **WILL GRANT** Defendants' motion to dismiss. The court **WILL DISMISS** Counts One and Two against Orlando Health; the Ala. Code § 25-5-11.1 claim in Count Three against all defendants; and Count Four against all defendants **WITHOUT PREJUDICE**. The court **WILL DISMISS** Count One and Two against the individual defendants and the OSHA claim in Count Three **WITH PREJUDICE**.

The court will enter a separate order consistent with this opinion.

11

**DONE** and **ORDERED** this May 5, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE